UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY GREEN,

    Plaintiff,

v

UNKNOWN[1] HAVERSTICK et al.,

    Defendants.
_____/

Case No. 1:15-cv-914

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving Plaintiff's retaliation and Eighth Amendment claims against Defendant Haverstick and Defendant Young. Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a) (Dkt 10). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 27), recommending summary judgment be granted in favor of Defendants. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Objs., Dkt 28). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has considered de novo those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff argues that the Magistrate Judge erred in not considering "Plaintiff's [March 2016] Response to 'MDOC Defendants' Motion for Summary Judgment Based Solely on a Failure to

---

[1]The record names Unknown Haverstick as Jamie Haverstick.

Exhaust Administrative Remedies" (Objs., Dkt 28 at PageID.212).  In this regard, Plaintiff asserts that his grievance against Defendant Haverstick, MTU30200171026b (Dkt 1-1 at PageID.13) (hereinafter "26b"), was not considered by the Magistrate Judge (*id.* at PageID.214).  Plaintiff further asserts that the Magistrate Judge erred in concluding that the rest of his filed grievances did not "'concern any of Plaintiff's remaining claims'" (*id.* at PageID.215, quoting R&R, Dkt 27 at PageID. 210).  Plaintiff lastly objects to the Magistrate Judge's failure to consider *Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850 (2016), and his assertion that MDOC officials prevented him from re-grieving Defendants Haverstick and Young.  Plaintiff's objections are substantively without merit.

Plaintiff's response to Defendants' Motion for Summary Judgment is noted and considered (Dkt 23).² However, Plaintiff's response does not alter the Magistrate Judge's conclusion that Plaintiff failed to administratively exhaust his claims before filing suit.  The Magistrate Judge properly concluded that Plaintiff's claims were not properly exhausted either because the grievances failed to name Defendant Haverstick or Young, because they were properly rejected by the MDOC, or because they did not relate to Plaintiff's remaining claims (R&R, Dkt 27 at PageID.210-211).

Plaintiff's 26b grievance alleged that Defendant Haverstick improperly ended a phone call he was having (Dkt 1-1 at PageID.13).  This matter was "successfully resolved," as Plaintiff acknowledges (*id.*).  Plaintiff now alleges that this grievance is the "catalyst for this action" (Objs., Dkt 28 at PageID.214), evincing his claim of retaliation because in the grievance he stated that "I

---

²The Report and Recommendation implicitly acknowledged the Response, noting that the Court ordered that "Plaintiff be given until July 5, 2016, "to supplement or amend his response to Defendants' motion for summary judgment" (R&R, Dkt 27 at PageID.206-207).  Nonetheless, the Report and Recommendation subsequently states that "Plaintiff has failed to even respond" to Defendant's motion (*id.* at PageID.210), and to that extent, the Report and Recommendation is in error and is rejected.

feel that I *will* be retaliated against for informing this officer is disrespectful to me . . . " (*id.* at PageID.215; Dkt 1-1 at PageID.13) (emphasis added). This grievance does not serve to exhaust either Plaintiff's retaliation or Eighth Amendment claims because (1) the grievance does not allege that retaliation occurred, only that Plaintiff feared for it in the future, and (2) the grievance does not allege facts specific to his Eighth Amendment claims in the instant lawsuit.

Plaintiff's MTU140400524028e grievance (hereinafter "28e"), alleging that correctional officers were "derelict in their duty when he was assaulted by another prisoner" (Dkt 1-1 at PageID.17-18), contains no valid retaliation or Eighth Amendment claims against either Defendant Young or Haverstick. Instead, 28e grieves *other* correctional officers' failure to supervise the area where Plaintiff was allegedly attacked by another inmate. And although the grievance states that the attack was reported to Young, who did not pursue an investigation, this grievance was rejected as untimely by the MDOC (*id.* at PageID.18) and fails to exhaust any of Plaintiff's claims. *See Burnett v. Howard*, No. 2:09-cv-37, 2010 WL 1286256, at *1 (W.D. Mich. Mar. 30, 2010); *Grear v. Gelabert*, No. 1:07-CV-203, 2008 WL 474098, at *2 n.1 (W.D. Mich. Feb. 15, 2008).

Plaintiff's MTU130700795028k grievance (hereinafter "28k"), alleging cruel and unusual punishment for having been locked in his cell for three days and given cold meals without justification (Dkt 11-3 at PageID.93), does not relate to any of the instant claims and thus does not establish exhaustion.

Plaintiff further asserts that the Court failed to apply *Ross*, 136 S. Ct. 1850, to excuse Plaintiff's failure to exhaust his administrative remedies (Objs., Dkt 28 at PageID.216). The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust "such administrative remedies as are *available*." 42 U.S.C. § 1997e(a) (emphasis added). Three circumstances exist

3

which would render an administrative remedy effectively unavailable: (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) it is "so opaque that it becomes, practically speaking, incapable of use," meaning that "no ordinary prisoner can discern or navigate it;" and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 136 S. Ct. at 1859-60.

In a declaration submitted to the Court, Plaintiff states that he complained to Haverstick's supervisors and others when Haverstick began retaliating against him again, and the supervisors, "ARUS's Cutts, Glilkie and Heard told [him] that the matter remained resolved when [he] told them [he] was going to file a new grievance or an appeal of the resolved grievance" (Dkt 23-1 at PageID.198). Plaintiff also states that he was "told that a new grievance or an appeal would only cause [him] more problems from CO HAVERSTICK and others" and he should just avoid Haverstick (*id.*).

In his objections to the Report and Recommendation, Plaintiff claims that this evidence shows that his administrative remedy of filing a grievance was effectively unavailable under all three prongs of *Ross* (Objs., Dkt 28 at PageID.216-218). But the facts asserted in Plaintiff's declaration do not rise to the level of "specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial" on the exhaustion issue. *See Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

Plaintiff's declaration says nothing to support a claim that "officials have apparent authority, [but] decline ever to exercise it" (Objs., Dkt 28 at PageID.217) and thus does not qualify under *Ross*'s first prong. Plaintiff's claim that he could not "discern or navigate" the grievance procedures

4

because they were "confusing" is also without merit, as Plaintiff's declaration provides no evidence supporting this argument. Because Plaintiff was able to subsequently file a grievance, and many more prior, he understood the grievance process and cannot now reasonably claim that it was confusing.

Lastly, Plaintiff offers nothing beyond bare, general assertions that "his efforts were 'thwarted' by Defendants and their cohorts" (*id.* at PageID.217), and the record does not reasonably support that inference. *See Ross*, 136 S. Ct. at 1863 n.3. To the contrary, the record reflects that Plaintiff was well-familiar with the grievance procedure and the means of pursuing his administrative remedies. Plaintiff's administrative remedies were not rendered effectively unavailable to excuse exhaustion of the instant claims.

In sum, the Magistrate Judge properly concluded Plaintiff did not exhaust his administrative remedies before filing suit, and Plaintiff's response (Dkt 23) and Objections to the Report and Recommendation (Dkt 28) do not warrant a conclusion to the contrary.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 28) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 27) is APPROVED and ADOPTED as the Opinion of the Court, except as noted herein.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 10) is GRANTED, and Plaintiff's remaining claims are dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this decision would not be taken in good faith.

Dated: September 30, 2016            /s/ Janet T. Neff
                                     JANET T. NEFF
                                     United States District Judge